TOBIAS C. ANDERSON *v.* JON L.
SCHOENHORN ET AL.
(AC 25142)

Lavery, C. J., and DiPentima and Gruendel, Js.

Argued March 24—officially released June 21, 2005

*Tobias C. Anderson*, pro se, the appellant (plaintiff).

*R. Bradley Wolfe*, with whom were *Mary Anne A. Charron* and, on the brief, *Christine L. Chipman*, for the appellees (named defendant et al.).

*Opinion*

DiPENTIMA, J. The pro se plaintiff, Tobias C. Anderson, appeals from the judgment rendered following the granting of partial summary judgment in favor of the defendants, Jon L. Schoenhorn and the law office of Jon

L. Schoenhorn & Associates.[1] We affirm the judgment of the trial court.

At the plaintiff's request, two family members retained the defendants to serve as counsel for the plaintiff in his second habeas trial. Schoenhorn and the family members, but not the plaintiff, entered into a guaranty and retainer agreement. Over the course of the representation, the plaintiff became dissatisfied with the defendants' approach to and preparation for the habeas trial, as well as their responsiveness to his requests and concerns. The plaintiff eventually filed a grievance petition against Schoenhorn, which led to his withdrawal as habeas counsel. The local grievance panel found no probable cause that Schoenhorn's actions constituted misconduct. The plaintiff subsequently withdrew his habeas petition.

By complaint dated April 12, 2001, the plaintiff filed suit against the defendants, alleging in counts one and two, legal malpractice; in counts three and four, breach of contract; in count five, breach of fiduciary duty; in counts six and seven, breach of an obligation owed by the defendants to the plaintiff as a third party beneficiary; in count eight, unjust enrichment; in count nine, statutory theft; in count ten, violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.; in counts eleven, twelve and thirteen, negligence; in count fourteen, personal injury; and in count fifteen, negligent infliction of emotional distress. The plaintiff claimed that the defendants' acts or omissions caused him financial loss, delay in having his habeas petition heard, destruction of property, physical injuries and emotional and mental distress.

[1] Jeanne M. Zulick, a former associate of Schoenhorn, was also a defendant before the trial court. On May 4, 2004, this court dismissed as untimely the plaintiff's appeal as to Zulick. We therefore refer in this opinion to Schoenhorn and his law office as the defendants.

The defendants filed a motion for summary judgment on November 4, 2002, and the plaintiff filed a second motion for summary judgment on January 7, 2003.[2] Following a hearing on the cross motions for summary judgment, the court issued a memorandum of decision on April 14, 2003, granting the defendants' motion as to counts one through seven and ten through fifteen, denying it as to counts eight and nine, and denying the plaintiff's motion.

The court held that counts one, two, five, eleven, twelve and thirteen all sounded in negligence and concerned the duty of care a lawyer owes a client. The court concluded that in order to succeed on those claims, the plaintiff was required to present expert testimony on the duty of care owed, the nature of the breach, causation and the resulting damages. The court determined that counts three, four, six and seven, sounding in breach of contract, and counts fourteen and fifteen, alleging personal injury and negligent infliction of emotional distress, also required expert testimony as to the standard of care and breach thereof. The court found that the plaintiff, who intended to call as his experts lawyers involved in the underlying habeas case and the grievance proceeding, failed to provide any "specific testimony or facts to which any of these proposed experts would be able to testify." As to count ten, in which the plaintiff alleged a violation of CUTPA, the court concluded that under controlling precedent, lawyers cannot be sued under the statute on the basis of malpractice or negligent breach of contract.

Counts eight and nine proceeded to trial, where the jury returned a verdict for the defendants, and judgment was rendered accordingly on February 11, 2004. The plaintiff appealed on February 23, 2004, challenging the April 14, 2003 decision granting partial summary

[2] His first motion for summary judgment, filed in August, 2001, was denied.

judgment in favor of the defendants.[3] On appeal, the plaintiff alleges, inter alia, that the court improperly granted summary judgment because there were material facts in dispute, including whether the plaintiff could produce the requisite expert testimony at trial necessary to show duty, breach, causation and damages. We disagree.

As a preliminary matter, we set forth the standard of review. "Our review of a trial court's decision to grant [a] motion for summary judgment is plenary. . . . Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Lewis* v. *Chelsea G.C.A. Realty Partnership, L.P.*, 86 Conn. App. 596, 600–601, 862 A.2d 368 (2004), cert. denied, 273 Conn. 909, 870 A.2d 1079 (2005). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Ace Equipment Sales, Inc.* v. *Buccino*, 273 Conn. 217, 227, 869 A.2d 626 (2005). A party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 558, 791 A.2d 489 (2002).

---

[3] There is no challenge to the judgment rendered on counts eight and nine.

In every claim subject to summary judgment, excluding the CUTPA claim, the plaintiff alleges, in essence, that the defendants breached a duty owed to him arising out of their representation of the plaintiff in his habeas trial. In general, "where [an attorney's] exercise of proper professional skill and care is in issue, expert testimony tending to establish the want of such skill and care is essential to recovery. . . . The rationale underlying that rule is that in most cases, the determination of an attorney's standard of care, which depends on the particular circumstances of the attorney's representation, is beyond the experience of the average layperson, including members of the jury and perhaps even the presiding judge." (Citation omitted; internal quotation marks omitted.) *Celentano* v. *Grudberg*, 76 Conn. App. 119, 126, 818 A.2d 841, cert. denied, 264 Conn. 904, 823 A.2d 1220 (2003). "The only exception to this rule is where there is present such an obvious and gross want of care and skill that the neglect [to meet the standard of care] is clear even to a layperson."[4] (Internal quotation marks omitted.) Id.

The plaintiff disclosed as expert witnesses Schoenhorn, Jeanne M. Zulick, a former associate employed in Schoenhorn's law office, attorney Timothy H. Everett, the expert in the underlying habeas case, attorney Daniel B. Horwitch, statewide bar counsel, and attorney John J. Quinn, counsel for the local grievance panel. The plaintiff cites *LePage* v. *Horne*, 262 Conn. 116, 132, 809 A.2d 505 (2002), for the proposition that a plaintiff may prove the standard of care through the testimony of a defendant. We need not decide whether that holding applies to a legal malpractice claim.[5] In connection with

---

[4] The plaintiff does not appear to allege that the defendants' conduct amounted to an obvious and gross want of care and skill.

[5] *LePage* v. *Horne*, supra, 262 Conn. 116, held in the context of a medical malpractice action, that a plaintiff may prove the standard of care through the testimony of a defendant. Id., 132 ("[A] plaintiff may prove the standard of care through the testimony of a defendant. . . . Moreover, as an expert witness, the defendant is not required specifically to have expressed an

their motion for summary judgment, the defendants submitted affidavits by Everett, Horwitch and Quinn, none of whom is a defendant, stating, in essence, that they had not been asked by the plaintiff to serve as expert witnesses, that they had no intention of doing so and that if they testified, they could not provide the expert testimony that the plaintiff sought. In addition, the defendants submitted affidavits by Schoenhorn and Zulick, stating the substance of what they would testify to at trial, neither of which provided the plaintiff with the standard of care applicable in this case or supported his position that they breached the duty they owed him. Our review of the pleadings and affidavits submitted by the defendants leads us to conclude that the defendants provided sufficient evidence to establish that the plaintiff could not provide the expert testimony necessary to prove his case.

It remained, therefore, for the plaintiff to provide an evidentiary foundation sufficient to demonstrate that he could supply the expert testimony necessary to establish his claim. The court permitted the plaintiff to examine Schoenhorn during the hearing on the cross motions for summary judgment. The plaintiff's examination of Schoenhorn was extensive, running more than fifty transcript pages. It focused primarily on the merits of the underlying habeas case and the defendants' preparation for that trial. The plaintiff was able to elicit from Schoenhorn the standard of care an attorney should exercise under certain specific circumstances, although not the standard of care the defendants owed the plaintiff in pursuing his habeas claim in general. We are satisfied, after reviewing the transcript, that the plaintiff

opinion that [she] breached the standard of care in order for the [plaintiff] to prevail. . . . Rather, the [plaintiff] need only have produced sufficient expert testimony to permit the jury reasonably to infer, on the basis of its findings of fact, that [the defendant] breached the standard of care." [Citations omitted; internal quotation marks omitted.]).

was unable to elicit any testimony from which a jury could infer that the defendants' conduct violated any controlling standard of care. Schoenhorn's testimony in conjunction with other evidence presented by the plaintiff also did not encourage a belief, beyond speculation or conjecture, that the plaintiff would be able to elicit the necessary testimony at trial.

The plaintiff makes a number of arguments to support his contention that there was sufficient evidence before the court to raise an issue of material fact.[6] The plaintiff first argues that the court failed to evaluate properly "judicial admissions" made by the defendants and that had it considered the judicial admissions in the light most favorable to him as the nonmoving party, it would have concluded that he had made a sufficient showing as to standard of care, breach and causation to defeat the summary judgment motion. We disagree. Even if we assume that the plaintiff's characterization of the so-called admissions is accurate, which the defendants dispute, they do not provide a foundation for establishing the standard of care, that the standard of care was breached or that the breach caused the plaintiff injury. They merely establish that the defendants did not do everything the plaintiff requested and that the defendants were not prepared for trial on the date for which it was first scheduled.

---

[6] The plaintiff also argues that whether he could provide expert testimony at trial was itself a question of fact that could have been resolved only at trial. In that regard the plaintiff cites three cases where the court directed a verdict for the defendant after the plaintiff failed to provide the necessary expert testimony at trial. We fail to see how these cases support his claim. In fact, it is clear from our case law that sufficiency of expert testimony is often addressed in the summary judgment context. See, e.g., *Pekera* v. *Purpora*, 80 Conn. App. 685, 836 A.2d 1253 (2003), aff'd, 273 Conn. 348, 869 A.2d 1210 (2005); *Drew* v. *William W. Backus Hospital*, 77 Conn. App. 645, 825 A.2d 810, cert. granted on other grounds, 265 Conn. 909, 831 A.2d 249 (2003) (appeal withdrawn December 22, 2003); *Gordon* v. *Glass*, 66 Conn. App. 852, 785 A.2d 1220 (2001), cert. denied, 259 Conn. 909, 789 A.2d 994 (2002).

The plaintiff also claims that he has proved injury arising from the actions or inaction of the defendants. Because we have concluded that summary judgment was appropriate on the ground that the plaintiff failed to provide sufficient evidence of breach of duty, it is unnecessary for us to decide whether he has shown causation or resulting injury.[7]

The plaintiff finally claims that the court incorrectly found that CUTPA did not apply on the facts of this case. In general, CUTPA applies to attorney conduct, but only as to the entrepreneurial aspects of legal practice. *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 260 Conn. 766, 781, 802 A.2d 44 (2002). Professional negligence, or malpractice, does not fall under CUTPA. Id. Although "[m]any decisions made by attorneys eventually involve personal profit as a factor, but are not considered part of the entrepreneurial aspect of practicing law"; id., 783; the conduct of a law firm in obtaining business and negotiating fee contracts does fall within the ambit of entrepreneurial activities. *Updike, Kelly & Spellacy, P.C.* v. *Beckett*, 269 Conn. 613, 656, 850 A.2d 145 (2004). Except for a challenge to the content of the agreement and the firm's billing practices, which arguably fall under the entrepreneurial aspect of practicing law, the allegations of misconduct raised in the plaintiff's CUTPA count pertain to the underlying claim of legal malpractice.

CUTPA prohibits anyone from engaging "in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

---

[7] The plaintiff also claims that he could have prevailed at trial under General Statutes § 52-470 on a claim of negligence per se. Without reaching any conclusion as to whether the plaintiff could in fact bring such a claim, we determine that he did not raise that claim before the trial court and, accordingly, we do not provide review. See *River Bend Associates, Inc.* v. *Conservation & Inland Wetlands Commission*, 269 Conn. 57, 82, 848 A.2d 395 (2004).

General Statutes § 42-110b (a). "A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Internal quotation marks omitted.) *Kronberg Bros., Inc.* v. *Steele,* 72 Conn. App. 53, 60–61, 804 A.2d 239, cert. denied, 262 Conn. 912, 810 A.2d 277 (2002). Although the plaintiff alleged that certain actions by the defendants constituted unfair or deceptive trade practices, he failed to provide any basis on which a jury could conclude that the defendants' conduct violated CUTPA. See *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980) ("The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. A party must substantiate his adverse claim by specifically showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue."). The plaintiff also did not provide a basis for the conclusion that he had suffered an ascertainable loss due to the alleged CUTPA violation. Cf. *Larobina* v. *Home Depot, USA, Inc.,* 76 Conn. App. 586, 593, 821 A.2d 283 (2003). Accordingly, we conclude that the plaintiff failed to establish a sufficient evidentiary basis for his CUTPA claim to evade summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.