ACKERLY AND BROWN, LLP *v.* RICHARD SMITHIES ET AL.
(AC 28346)

Flynn, C. J., and Robinson and Berdon, Js.

Argued May 20—officially released August 5, 2008

*Maura C. Smithies*, pro se, the appellant (defendant).

*Kie Westby*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant Maura C. Smithies[1] appeals from the judgment, rendered after a court trial, in favor of the plaintiff, Ackerly & Brown, LLP. On appeal, Maura Smithies claims that the court improperly concluded that expert testimony was required for her claim of legal malpractice. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts are necessary for our resolution of Maura Smithies' appeal. Attorney Michael Sconyers, a partner in the plaintiff law firm, represented Maura Smithies and her husband, the defendant Richard Smithies, in a lawsuit involving a failed residential lease. In that action, a third party sued the defendants for damages. Sconyers informed the defendants that the case could be settled for $7500, that the cost of proceeding to trial could be expensive and that the outcome of the trial was uncertain. The defendants declined to

---

[1] Richard Smithies, who also was a defendant at trial, and Maura C. Smithies, each filed an appearance and acted pro se before the trial court. Subsequent to the court's judgment rendered in favor of the plaintiff, Ackerly & Brown, LLP, Maura C. Smithies filed an appeal on behalf of herself and Richard Smithies. This appeal was dismissed nisi for the failure to file the documents required by Practice Book § 63-4. After she filed the appropriate documents, the appeal was reinstated only as to Maura C. Smithies.

Richard Smithies subsequently filed a motion for joinder as an appellant. This motion was treated as a motion for permission to file a late appeal and was denied. Following Richard Smithies' motion for reconsideration, it was ordered that he file a proper motion to file a late appeal on his behalf. This motion was denied on December 19, 2007.

We note, therefore, that the only appellant before us is Maura C. Smithies. As a pro se party, she cannot represent the interests of another party, namely, Richard Smithies. "A pro se party may not appear on behalf of another pro se party. . . . To do so would be to engage in the unauthorized practice of law. See General Statutes § 51-88." (Citation omitted.) *Collard & Roe, P.C.* v. *Klein*, 87 Conn. App. 337, 343–44 n.3, 865 A.2d 500, cert. denied, 274 Conn. 904, 876 A.2d 13 (2005).

make a settlement offer. Following a four day trial, the jury returned a verdict in favor of the third party and awarded damages of approximately $25,000. Sconyers filed motions to set aside the verdict and for a new trial, which the court denied, and a motion for remittitur, which the court granted. The court reduced the third party's damages to approximately $8000. The professional relationship between Sconyers and the defendants ended after the third party filed her appeal but before it was argued and briefed.

The plaintiff submitted a final bill to the defendants, indicating a balance due of $15,680.70. The defendants failed to make any payments to the plaintiff with respect to this outstanding balance. On August 11, 2005, the plaintiff commenced the present action, a one count complaint seeking a collection of the outstanding balance. The defendants filed an answer and counterclaim, essentially claiming that Sconyers had committed legal malpractice in his handling of the underlying lawsuit.

On November 20, 2006, prior to the start of evidence, the plaintiff filed a motion in limine to preclude the defendants from presenting any evidence regarding legal malpractice.[2] The basis for this motion was the defendants' failure to disclose an expert witness in accordance with the rules of practice[3] with respect to

---

[2] "Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . ." (Internal quotation marks omitted.) *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 297, 898 A.2d 193 (2006); see also *Davis* v. *Margolis*, 215 Conn. 408, 415, 576 A.2d 489 (1990). The elements of a legal malpractice action are (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. *Vona* v. *Lerner*, 72 Conn. App. 179, 187–88, 804 A.2d 1018 (2002), cert. denied, 262 Conn. 938, 815 A.2d 138 (2003).

[3] Practice Book § 13-4 (4) provides in relevant: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a

the issue of whether Sconyers had committed legal malpractice. The court granted the motion. After a trial in which the court heard testimony from Sconyers and the defendants, it issued a memorandum of decision filed November 15, 2006. The court determined that the absence of expert testimony was fatal to the defendants' claim of legal malpractice. Specifically, the court found that Sconyers was "an attorney with many years of learning and experience. He used this learning and experience to make many tactical and legal decisions before, during and after the trial to the jury." It further concluded that this was not a case of an attorney's failure to meet an obvious standard of care. The court rendered judgment in favor of the plaintiff in the amount of $15,680.70 plus costs and 12 percent interest from August 19, 2005. The court also rendered judgment in favor of the plaintiff with respect to the defendants' counterclaim. This appeal followed.

Maura Smithies claims that the court improperly concluded that expert testimony was required for her claim of legal malpractice. Specifically, she argues that Sconyers' alleged acts of negligence were so apparent that the need for expert testimony was obviated. We are not persuaded.

We begin our analysis by setting forth the applicable standard of review. The determination of whether

summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. Each defendant shall disclose the names of his or her experts in like manner within a reasonable time from the date the plaintiff discloses experts, or, if the plaintiff fails to disclose experts, within a reasonable time prior to trial. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subdivision, or if an expert witness who is expected to testify is retained or specially employed after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

expert testimony is needed to support a claim of legal malpractice presents a question of law. *Vanliner Ins. Co.* v. *Fay*, 98 Conn. App. 125, 136, 907 A.2d 1220 (2006). Accordingly, our review is plenary. Id., 137.

It is axiomatic in our jurisprudence that "[g]enerally, to prevail on a legal malpractice claim . . . a [party] must present expert testimony to establish the standard of proper professional skill or care. . . . Not only must the [party] establish the standard of care, but [she] must also establish that the [attorney's] conduct legally caused the injury of which [she] complain[s]." (Internal quotation marks omitted.) *DiStefano* v. *Milardo*, 82 Conn. App. 838, 842, 847 A.2d 1034 (2004), aff'd, 276 Conn. 416, 886 A.2d 415 (2005); see also *Davis* v. *Margolis*, 215 Conn. 408, 416, 576 A.2d 489 (1990); *Glaser* v. *Pullman & Comley, LLC*, 88 Conn. App. 615, 619, 871 A.2d 392 (2005) ("[p]roving allegations of legal malpractice usually requires expert testimony"); *Dunn* v. *Peter L. Leepson, P.C.*, 79 Conn. App. 366, 369, 830 A.2d 325, cert. denied, 266 Conn. 923, 835 A.2d 472 (2003).

Our courts have carved out a limited exception to this general rule in cases in which "there is present such an obvious and gross want of care and skill that the neglect [to meet the standard of care] is clear even to a layperson." (Internal quotation marks omitted.) *Anderson* v. *Schoenhorn*, 89 Conn. App. 666, 671, 874 A.2d 798 (2005); see also *Celentano* v. *Grudberg*, 76 Conn. App. 119, 126, 818 A.2d 841, cert. denied, 264 Conn. 904, 823 A.2d 1220 (2003); *Pearl* v. *Nelson*, 13 Conn. App. 170, 173, 534 A.2d 1257 (1988). Simply put, "[i]n legal malpractice litigation, expert evidence is required for most cases but not for all." *St. Onge, Stewart, Johnson & Reens, LLC* v. *Media Group, Inc.*, 84 Conn. App. 88, 95, 851 A.2d 1242, cert. denied, 271 Conn. 918, 859 A.2d 570 (2004).

Finally, we set forth the rationale behind the need of expert testimony, as established by the appellate

courts of this state. "The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury *and the presiding judge*, to understand the applicable standard of care and to evaluate the [attorney's] actions in light of that standard." (Emphasis added.) *Davis* v. *Margolis*, supra, 215 Conn. 416; *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 297–98, 898 A.2d 193 (2006); *DiStefano* v. *Milardo*, supra, 82 Conn. App. 842; *Bent* v. *Green*, 39 Conn. Sup. 416, 420, 466 A.2d 322 (1983).

As the court observed, "[t]he allegations of negligence in this case involve such tactical questions as whether to file a motion for summary judgment, the questions asked at voir dire, the questions asked of witnesses, whether to make objections to certain evidence, the substance of requests to charge and effective cross-examination."[4] We conclude, as the trial court did, that the defendants' allegation of Sconyers' negligence required expert testimony to assist the judge, as the

[4] Maura Smithies argues in her appellate brief that Sconyers never read the lease in the underlying action. We note that the court's memorandum of decision does not address the question of whether Sconyers did or did not read the lease between the defendants and the third party. Maura Smithies did not file a motion for articulation. See Practice Book § 66-5. Because the court did not address this argument, and Maura Smithies failed to seek an articulation, we conclude that the record is inadequate to review this claim. See *JCV Investment Group, Inc.* v. *Manjoney*, 56 Conn. App. 320, 324, 742 A.2d 438 (2000); *Commissioner of Public Works* v. *Middletown*, 53 Conn. App. 438, 449, 731 A.2d 749, cert. denied, 250 Conn. 923, 738 A.2d 654 (1999); see also Practice Book § 60-5. "It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter. . . . In the absence of any such attempts, we decline to review this issue." (Internal quotation marks omitted.) *Bingham* v. *Dept. of Public Works*, 286 Conn. 698, 704 n.5, 945 A.2d 927 (2008). Accordingly, on the basis of an inadequate record, we decline to review Maura Smithies' claim that Sconyers failed to read the lease between the defendants and the third party.

trier of fact, in determining both the applicable standard of care and the evaluation of Sconyers' actions with respect to that standard. The court found that Sconyers was an attorney with many years of experience and learning and that he used this background to make various tactical and legal decisions before, during and after the trial involving the defendants and the third party.[5] We are not persuaded that this is a case in which an attorney has done nothing to protect the interests of a client; cf. *Paul* v. *Gordon*, 58 Conn. App. 724, 728, 754 A.2d 851 (2000); or the trial judge's knowledge of the rules of practice eliminates the need for expert testimony. Cf. *Dubreuil* v. *Witt*, 80 Conn. App. 410, 421–22, 835 A.2d 477 (2003), aff'd, 271 Conn. 782, 860 A.2d 698 (2004). Instead, the court properly concluded that the general rule requiring expert testimony in a legal malpractice action applied, and, in the absence of such testimony, the defendant's claim of legal malpractice failed.

The judgment is affirmed.

---

[5] Maura Smithies also claims that the court's decision was contrary to the weight of the evidence. This appears to be a claim challenging the sufficiency of the evidence with respect to the court's judgment in favor of the plaintiff on the defendants' counterclaim. "An appeal based on the sufficiency of evidence to support a factual finding carries a legal and practical restriction to review. The function of an appellate court is to review, and not to retry, the proceedings of the trial court. . . . Further, we are authorized to reverse or modify the decision of the trial court only if we determine that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that its decision is otherwise erroneous in law." (Internal quotation marks omitted.) *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 705, 899 A.2d 59 (2006). We have reviewed the entire record and conclude that the court's findings were not clearly erroneous and that the judgment in favor of the plaintiff was proper.