HELEN ZENON, TRUSTEE OF B & G ZENON REALTY TRUST, ET AL. *v.* J. A. MOSSY
(AC 29668)

Flynn, C. J., and Lavine and Beach, Js.

Argued February 18—officially released June 2, 2009

*William Zenon,* pro se, the appellant (plaintiff).

*James F. Brennan,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff William Zenon,[1] a trustee of B & G Zenon Realty Trust, appeals from the judgment of the trial court, rendered in favor of the defendant,

---

[1] We note that although Zenon's wife, Helen Zenon, the other trustee of B & G Zenon Realty Trust, also was a plaintiff at trial, the only appellant before us is William Zenon. As a self-represented party, he cannot represent the interests of another party. "A pro se party may not appear on behalf of another pro se party. . . . To do so would be to engage in the unauthorized practice of law. See General Statutes § 51-88." (Internal quotation marks omitted.) *Ackerly & Brown, LLP* v. *Smithies,* 109 Conn. App. 584, 585 n.1, 952 A.2d 110 (2008). We therefore refer to William Zenon in this opinion as the plaintiff.

J. A. Mossy, also known as Jeanne Mossy. The plaintiff claims that by admitting extrinsic evidence for impeachment purposes, the court abused its discretion and committed reversible error, despite its later statement that it would disregard the evidence. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. In 1986, the plaintiff, an experienced real estate broker and developer, purchased a parcel of real estate through a real estate company he owned. He transferred it to B & G Zenon Realty Trust in 1993. In 2001, a purchase agreement was entered into. The defendant paid $2500 as a down payment and signed a promissory note for the $37,500 balance of the purchase price. The purchase agreement provided for the transfer of the property to the buyer, who would then undertake the necessary efforts to gain approval for the subdivision and to develop the parcel into two approved building lots. If such was not possible, the agreement provided that the property would be deeded back to the plaintiff and Helen Zenon, who would return the down payment. The defendant made three unsuccessful attempts to obtain approval from the northeast district department of health for the subdivision of the property into building lots. The defendant's applications were rejected on the ground that the site was not suitable for development of even a single residential lot.

The plaintiff and Helen Zenon thereafter brought an action against the defendant to collect the balance of the promissory note. The defendant filed an answer, special defense and a multiple count counterclaim. The court rendered judgment cancelling the promissory note. It ordered the plaintiff and Helen Zenon to accept reconveyance of the property and to return the defendant's security deposit. The court also found in favor of the defendant on her counterclaim for common-law fraud or misrepresentation and awarded the defendant

$13,789.49 plus attorney's fees. The court found that the plaintiff was aware that the town of Thompson had denied subdivision approval prior to the execution of the agreement and that he had made a false representation to the defendant's agent, David Mossy, that a percolation soil test had not been performed on the property. This appeal followed.

On appeal, the plaintiff takes issue with an evidentiary ruling made by the court during trial.[2] We first set forth our standard of review. "[W]e will set aside an evidentiary ruling only when there has been a clear abuse of discretion. . . . [B]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect the result." (Internal quotation marks omitted.) *Rosier* v. *Rosier*, 103 Conn. App. 338, 341, 928 A.2d 1228, cert. denied, 284 Conn. 932, 934 A.2d 247 (2007).

During the cross-examination of the plaintiff, the defendant's counsel sought to admit into evidence the trial court and Appellate Court decisions in a prior unrelated case involving the plaintiff and another party in an effort to impeach his credibility. The cases sought to be admitted were *Zenon* v. *R. E. Yeagher Management Corp.*, 57 Conn. App. 316, 748 A.2d 900 (2000), and *Zenon* v. *R. E. Yeagher Management Corp.*, judicial district of Windham at Putnam, Docket No. CV-95-0051559-S (July 8, 1998). In *Zenon* v. *R. E. Yeagher Management Corp.*, supra, 328, the trial court found that the plaintiff had conspired with another to defraud the liquor control authorities after unsuccessfully attempting to secure a liquor license. The court admitted copies of the decisions as defendant's exhibits E and F.

[2] At oral argument before this court, William Zenon, a self-represented litigant, mentioned additional areas of concern. Because these additional concerns were not briefed, we do not consider them. We generally do not

Although the court initially admitted the extrinsic evidence, it later reversed its ruling after reviewing the law. It reasoned that exhibits E and F constituted extrinsic evidence that was inadmissible pursuant to § 6-6 (b) of the Connecticut Code of Evidence.[3] The court stated, "[I] clearly indicate on the record that I intend not to rely [in] any manner, shape or form upon [exhibits E and F]."

The plaintiff argues that despite the court's later reversal of its original ruling, "the effect of the evidence presented could not be removed from the court and the thought process of the fact finder." Although the plaintiff makes this argument, he has presented no evidence that the court considered these documents in rendering its decision. The court cured any alleged impropriety by reversing its ruling and expressly stating that it would not rely on exhibits E and F. Absent an indication in the record to the contrary, we presume that the court acted properly in the performance of its duties. *Wyszomierski* v. *Siracusa*, 290 Conn. 225, 237 n.12, 963 A.2d 943 (2009), citing *St. Germain* v. *LaBrie*, 108 Conn. App. 587, 596 n.3, 949 A.2d 518 (2008). The plaintiff has failed to show harmfulness.

The judgment is affirmed.

---

consider claims raised for the first time at oral argument. See *Blumenthal* v. *Kimber Mfg., Inc.*, 265 Conn. 1, 12 n.8, 826 A.2d 1088 (2003).

[3] See Conn. Code Evid. § 6-6 (b) (2) ("[s]pecific instances of the conduct of a witness, for the purpose of impeaching the witness' credibility . . . may not be proved by extrinsic evidence"); see also *State* v. *Horton*, 8 Conn. App. 376, 380, 513 A.2d 168 ("[i]t has long been the rule in Connecticut that extrinsic evidence may not be used to contradict the testimony of a witness with regard to a particular act of misconduct"), cert. denied, 201 Conn. 813, 517 A.2d 631 (1986).