LAW OFFICES OF ROBERT K. WALSH, LLC *v.*
BARBARA NATARAJAN
(AC 31589)

Bishop, Bear and Peters, Js.

Argued September 13—officially released November 9, 2010

*Barbara Natarajan,* pro se, the appellant (defendant).

*Eric H. Opin,* for the appellee (plaintiff).

*Opinion*

PETERS, J. As a general rule, expert testimony is a prerequisite to the successful prosecution of a claim of legal malpractice. *Davis* v. *Margolis,* 215 Conn. 408, 416, 576 A.2d 489 (1990). The principal issue in this appeal is whether the trial court properly denied a claim for legal malpractice unsupported by such expert testimony. We affirm the judgment of the trial court.

On July 23, 2007, the plaintiff, the Law Offices of Robert K. Walsh, LLC, filed a complaint against the defendant, Barbara Natarajan, alleging breach of contract and, alternatively, quantum meruit, for the payment of fees pursuant to three separate agreements for legal services in connection with the dissolution of the defendant's marriage. The defendant filed an answer and counterclaim, alleging that the plaintiff had breached the standard of care for a legal professional by withdrawing from her dissolution case on the eve of trial. The court found in favor of the plaintiff, both on its contract claims and on the defendant's counterclaim, and awarded it $8940.77. The defendant has appealed.

The court found the following central facts, which are largely undisputed. The findings relate to three separate agreements for legal services.

The defendant first retained the plaintiff in connection with a mediation relating to an action for the dissolution of her marriage. On May 31, 2006, the plaintiff

undertook to represent the defendant in mediation for a fee of $3500, covering preparation for and attendance at the mediation. At the mediation, on June 6, 2006, an agreement was reached between the defendant and her former spouse. The defendant paid the $3500 fee.

The parties then entered into an agreement for post-mediation work to be billed at a rate of $195 per hour. The defendant decided, however, to reject the mediation because it did not provide for medical insurance.

Because the defendant chose to proceed to trial, on June 30, 2006, the parties entered an agreement for the plaintiff to represent the defendant therein. The agreement provided that the defendant would pay the plaintiff a flat fee of $12,000 for the trial work, plus the $2184 already owing for the postmediation work. The court found that the plaintiff agreed that the amount due on the fee for trial would be reduced in the event of settlement. Renewed settlement negotiations resulted and, on July 31, 2006, the defendant and her former spouse appeared before the court to formalize the settlement. The defendant decided, however, to reject the settlement because it did not provide her with alimony. The plaintiff then filed a motion to withdraw its appearance, which the court granted.

At the defendant's dissolution trial, held in October, 2006, she represented herself. One of the witnesses at that trial was the plaintiff's secretary, Carol Gaetano, who testified that all documents relating to the defendant's case had been returned to her. The court, in the dissolution case, found Gaetano's testimony credible, and this court, on appeal, affirmed the judgment of the court. *Natarajan* v. *Natarajan*, 107 Conn. App. 381, 383, 945 A.2d 540, cert. denied, 287 Conn. 924, 951 A.2d 572 (2008).

The defendant claims on appeal that the court improperly (1) rejected her counterclaim and (2) calculated the amount owing to the plaintiff under the $12,000

flat fee agreement. We are not persuaded and, accordingly, affirm the judgment of the court.

I

The defendant maintains that the court improperly failed to give consideration to her counterclaim alleging legal malpractice. The court held that the defendant failed to prove either causation or damages, and observed that "[n]o expert testimony was provided, for example, to indicate how or in what way the lack of legal representation [at the dissolution trial] harmed the defendant . . . ." We disagree with the defendant's contention that her counterclaim was adequately supported by her own testimony concerning the damages she suffered by having to represent herself.

"The determination of whether expert testimony is needed to support a claim of legal malpractice presents a question of law. . . . Accordingly, our review is plenary." (Citation omitted.) *Ackerly & Brown, LLP* v. *Smithies*, 109 Conn. App. 584, 587–88, 952 A.2d 110 (2008).

The court sustained the plaintiff's objection to the defendant's testimony about the adverse impact of her self-representation on her dissolution action. The court stated: "I can't allow a layperson to testify what the result would have been if she had a lawyer." The record is clear that the defendant similarly offered no expert testimony at trial to support her claim that she had suffered damages as a result of the plaintiff's alleged failure to return her documents.

"It is axiomatic in our jurisprudence that [g]enerally, to prevail on a legal malpractice claim . . . a [party] must present expert testimony to establish the standard of proper professional skill or care. . . . Not only must the [party] establish the standard of care, but [she] must also establish that the [attorney's] conduct legally

caused the injury of which [she] complain[s]." (Internal quotation marks omitted.) *Ackerly & Brown, LLP* v. *Smithies,* supra, 109 Conn. App. 588. "As to causation: In legal malpractice actions, the plaintiff typically proves that the . . . attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the defendant not been negligent. This traditional method of presenting the merits of the underlying action is often called the case-within-a-case." (Internal quotation marks omitted.) *Lee* v. *Harlow, Adams & Friedman, P.C.,* 116 Conn. App. 289, 297, 975 A.2d 715 (2009). "The exception to the need for expert testimony is limited to situations in which the . . . attorney essentially has done nothing whatsoever to represent his or her client's interests, resulting in such an obvious and gross want of care and skill that the neglect would be clear even to a layperson." (Internal quotation marks omitted.) *Byrne* v. *Grasso,* 118 Conn. App. 444, 449, 985 A.2d 1064 (2009), cert. denied, 294 Conn. 934, 987 A.2d 1028 (2010). The record in this case establishes, as a matter of law, that the defendant's allegations of professional misconduct do not fall within this narrow exception.

The court also addressed the merits of the defendant's allegations of professional malpractice and found them unproven. The defendant has not challenged those adverse findings of fact and law.

On this state of the record, we conclude that the defendant has failed, both as a matter of law and as a matter of fact, to establish that the court improperly rejected her counterclaim charging the plaintiff with legal malpractice.

## II

The defendant also claims that the court improperly determined the amount owed to the plaintiff for its legal

representation of her marital claims. She maintains that the court improperly (1) disregarded her testimony that the plaintiff offered her a $6000 discount if the case did not go to trial and (2) enforced the hourly rate agreement in disregard of the third flat fee agreement. "As a general rule, the determination of damages involves a question of fact that will not be overturned on appeal unless it is clearly erroneous." *Harley* v. *Indian Spring Land Co.*, 123 Conn. App. 800, 838, 3 A.3d 992 (2010).

## A

The defendant argues that the court's failure to credit her testimony that the plaintiff promised a $6000 discount was improper for two reasons. The defendant maintains that first, the plaintiff's attorney, Robert K. Walsh, did not deny that he made such a promise and second, the judge had no basis for determining whether the alleged discount was reasonable because, prior to his judicial appointment, he had served as a public defender. We are not persuaded.

At trial, there was conflicting evidence about a modification of the $12,000 flat fee agreement in the event that the dissolution case did not go to trial. The defendant claimed that the plaintiff orally had agreed to a $6000 discount, while Gaetano testified that the discount offered was $2000. The court credited Gaetano's testimony.

It is axiomatic that the trial court is the sole arbiter of credibility. It is "free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Nappo* v. *Merrill Lynch Credit Corp.*, 123 Conn. App. 567, 573, 2 A.3d 959 (2010). We know of no authority, and the defendant has cited none, to support the defendant's assertion that a judge's assessment of credibility depends on the nature of the judge's pre-judicial legal career.

B

The defendant also argues that the trial court improperly awarded the plaintiff fees for work done on an hourly basis, pursuant to the second agreement, even though that work was completed after the negotiation of the third fee agreement, which called for a flat fee. Because the defendant did not raise this claim at trial, the court did not address it in its memorandum of decision. In the absence of a claim of plain error, this court cannot consider claims not raised and ruled on in the trial court. Practice Book § 60-5.

In light of the record before us, the defendant has failed to present any persuasive challenge to the trial court's calculation of the fee that she owed the plaintiff for representing her in her negotiations with her former husband.

The judgment is affirmed.

In this opinion the other judges concurred.