******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SOVEREIGN BANK *v.* ANGELA HARRISON
## (AC 38937)

Alvord, Sheldon and Bear, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property of the defendant, who filed an answer and three special defenses. Thereafter, the plaintiff unilaterally withdrew its action and shortly thereafter commenced a foreclosure action against the defendant in federal court. Subsequently, the trial court granted the defendant's motion to restore the case to the docket. In her motion to restore, the defendant claimed that her third special defense, which alleged that the plaintiff did not properly account for payments made by the defendant, was more properly construed as a counterclaim and therefore, survived the withdrawal of the plaintiff's action. On appeal, the plaintiff claimed that the trial court erred in interpreting the defendant's special defense as a counterclaim and, therefore, lacked the authority to restore the case to the docket. *Held* that the trial court lacked authority to restore the case to the docket because there was no pending counterclaim as of the date of the withdrawal: that court, in deciding whether the allegation in the defendant's third special defense constituted a counterclaim, incorrectly focused its analysis on the question of whether the defendant's allegation arose out of the same transaction as that described in the plaintiff's complaint, and failed to determine whether the third defense asserted an independent cause of action, and after the correct standard was applied for determining whether the defendant pleaded a counterclaim or a special defense, it was clear that the allegation in the defendant's third special defense could not properly be construed as a counterclaim, as nothing in the defendant's allegation could reasonably be interpreted as a claim of entitlement to affirmative relief because she neither explicitly requested any judicial redress or relief nor alleged any facts from which it could be inferred that she was entitled to such relief, and although pleadings must be construed broadly and realistically, rather than narrowly and technically, this court could not read into the defendant's answer a prayer for relief or factual allegations that simply were not there; moreover, because the allegation that the plaintiff did not properly account for the defendant's payments challenged the amount of the debt owed the plaintiff, which may be raised by way of special defense, and in the absence of any suggestion that she made payments in excess of the amount of the debt, the defendant would not be entitled to any affirmative relief under that allegation, the defendant's third special defense could not reasonably be construed as stating an independent cause of action, and, therefore, the trial court erred in construing it as a counterclaim.

Argued May 23—officially released August 28, 2018

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk; thereafter, the plaintiff unilaterally withdrew the action; subsequently, the trial court, *Mintz, J.*, granted the defendant's motion to restore the case to the docket, and the plaintiff appealed to this court. *Reversed; judgment directed.*

*Peter A. Ventre*, with whom, on the brief, was *Lindsey A. Goergen*, for the appellant (plaintiff).

*Opinion*

BEAR, J. In this foreclosure action, the plaintiff, Sovereign Bank,[1] appeals from the order of the trial court granting the motion of the defendant, Angela Harrison,[2] to restore her third special defense to the docket following the plaintiff's voluntary withdrawal of its action.[3] The plaintiff's principal claim on appeal is that the trial court erred in interpreting the defendant's special defense as a counterclaim and, therefore, lacked the authority to restore it to the docket.[4] We agree and, accordingly, reverse the order of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff commenced the present action on September 9, 2010, seeking to foreclose a mortgage on certain real property in Norwalk that the defendant had executed in 2005 as security for a note in the principal amount of $200,000. The plaintiff alleged in its complaint that it was the holder of the note and mortgage and that the defendant was in default under the note and mortgage for failing to make payment as agreed.

On June 24, 2011, the defendant filed an answer and three special defenses. The defendant alleged in the first two special defenses that the plaintiff's predecessor in interest had (1) misrepresented the terms and conditions of the loan and (2) fraudulently entered false information on the defendant's loan application and sold the defendant a loan that she could not possibly afford. As to her third special defense—the only one at issue in the present appeal—the defendant alleged that "[t]he plaintiff did not properly account for payments made by the defendant." The plaintiff filed a reply denying the defendant's special defenses on December 2, 2014.

On November 23, 2015—prior to the scheduled trial date—the plaintiff unilaterally withdrew its action pursuant to General Statutes § 52-80,[5] and shortly thereafter the plaintiff commenced a foreclosure action against the same defendant in federal court.[6] As of the date of the withdrawal, the defendant had not effectively filed a counterclaim.[7] On November 30, 2015, the defendant filed a request for leave to amend her answer to assert a counterclaim, to which the plaintiff objected. At the conclusion of the December 22, 2015 oral argument on the objection, the court ruled from the bench that it did not have jurisdiction to consider the defendant's request because no counterclaim had been pending when the plaintiff withdrew its action. The court suggested, however, that it might have the ability to consider the request for leave to amend if the defendant first filed a motion to restore the case to the docket.

Pursuant to the court's suggestion, on January 28, 2016, the defendant filed a motion and an accompanying memorandum of law to restore her special defenses and counterclaim to the docket or, alternatively, to

restore the case to the docket (motion to restore).[8] In her memorandum of law, the defendant argued, inter alia, that her third special defense[9] was more properly construed as a counterclaim and that, as such, it survived the withdrawal of the plaintiff's action pursuant to Practice Book § 10-55.[10] After hearing oral argument on the motion on February 8, 2016, the court issued an oral decision granting the motion to restore.[11]

As set forth in its ruling and subsequent articulation,[12] the court, relying on *225 Associates* v. *Connecticut Housing Finance Authority*, 65 Conn. App. 112, 121, 782 A.2d 189 (2001), determined that, because the defendant's third special defense arose out of the same transaction as that underlying the plaintiff's action, it was more properly construed as a counterclaim. Consequently, the court concluded that the plaintiff's withdrawal of its action did not affect the pendency of such counterclaim and that the defendant thus had a right to have the counterclaim adjudicated. The court therefore held that it "had jurisdiction to restore the case to the docket, even though the plaintiff withdrew the case." Accordingly, the court ordered that "the case [be] restored to the docket for the sole purpose of the trial on the counterclaim." This appeal followed.

On appeal, the plaintiff claims that the trial court acted in excess of its authority in restoring the defendant's third special defense to the docket. Specifically, the plaintiff argues that the defendant's special defense could not properly be construed as a counterclaim because it failed to allege any facts that would entitle the defendant to seek judicial relief through an independent cause of action against the plaintiff. The plaintiff further contends that, because the special defense did not constitute a counterclaim and thus did not survive the withdrawal of the plaintiff's action as provided in Practice Book § 10-55, the court had no "continuing subject matter jurisdiction over the matter" after the plaintiff withdrew its action. Therefore, the plaintiff claims that the court "had no authority to restore [the] case for the purpose of a counterclaim when, in fact, no counterclaim existed" prior to the withdrawal of the action.

We first set forth our standard of review. "Any determination regarding the scope of a court's subject matter jurisdiction or its authority to act presents a question of law over which our review is plenary." *Tarro* v. *Mastriani Realty, LLC*, 142 Conn. App. 419, 431, 69 A.3d 956, cert. denied, 309 Conn. 912, 69 A.3d 308, 309 (2013). To the extent that the plaintiff's claim involves a question as to the proper interpretation of pleadings, our review likewise is plenary. See *Chase Home Finance, LLC* v. *Scroggin*, 178 Conn. App. 727, 743, 176 A.3d 1210 (2017) ("Construction of pleadings is a question of law. Our review of a trial court's interpretation of the pleadings therefore is plenary." [Internal quotation marks omitted.]). "[W]here the legal conclu-

sions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . ." (Internal quotation marks omitted.) *American First Federal, Inc.* v. *Gordon*, 173 Conn. App. 573, 583, 164 A.3d 776, cert. denied, 327 Conn. 909, 170 A.3d 681 (2017).

By statute, a "plaintiff may withdraw any action . . . before the commencement of a hearing on the merits thereof." General Statutes § 52-80. Although the plaintiff's "right . . . to withdraw *his action* before a hearing on the merits . . . is absolute and unconditional"; (emphasis added; internal quotation marks omitted) *Sicaras* v. *Hartford*, 44 Conn. App. 771, 775–76, 692 A.2d 1290, cert. denied, 241 Conn. 916, 696 A.2d 340 (1997); such withdrawal in no way impairs the right of the defendant to prosecute a previously filed counterclaim. See Practice Book § 10-55; see also *Boothe* v. *Armstrong*, 80 Conn. 218, 224, 67 A. 484 (1907) (where case involves causes of action both in favor of plaintiff and in favor of defendant, plaintiff "has the right to withdraw from the cognizance of the court *his own* cause of action as stated in the complaint, and this is the *only* effect that can be given to his attempt to withdraw the civil action" [emphasis added; internal quotation marks omitted]).

Consequently, a defendant with a pending counterclaim should not, in theory, need to move to have the counterclaim restored to the docket following the withdrawal of the plaintiff's action because the counterclaim survives the withdrawal as a matter of law. If, however, the counterclaim is not identified as such in the defendant's answer, it may be erased from the docket along with the plaintiff's action. In such circumstances, the court has the authority to grant a motion to restore the case to the docket to permit the defendant to prosecute the counterclaim because, where a defendant's counterclaim is wrongfully stricken from the docket following the withdrawal of the plaintiff's action, the defendant "is *entitled* to have [the case] restored for the purpose [of pursuing the defendant's counterclaim]." (Emphasis added.) *Boothe* v. *Armstrong*, 76 Conn. 530, 533, 57 A. 173 (1904). The court's authority, however, necessarily depends on the existence of an effective counterclaim. Indeed, it would be anomalous to conclude that the court has the authority to restore a counterclaim to the docket where the defendant had not effectively pleaded a counterclaim. Consequently, whether the court in the present case had the authority to restore the defendant's third special defense to the docket depends on whether the special defense was, in effect, a counterclaim.

Although a counterclaim is similar to a special defense in that both are employed by a defendant to diminish or defeat a plaintiff's claim, they nonetheless are separate and distinct types of pleadings. See *Chief Information Officer* v. *Computers Plus Center, Inc.*,

310 Conn. 60, 94, 74 A.3d 1242 (2013) (counterclaim is pleaded, in part, "to diminish, defeat or otherwise affect a plaintiff's claim" [internal quotation marks omitted]); *Valentine* v. *LaBow*, 95 Conn. App. 436, 447 n.10, 897 A.2d 624 (special defense "is an attempt to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action" [internal quotation marks omitted]), cert. denied, 280 Conn. 933, 909 A.2d 963 (2006). The heart of the distinction is that a counterclaim is an independent cause of action, and a special defense is not. See *Historic District Commission* v. *Sciame*, 152 Conn. App. 161, 176, 99 A.3d 207 ("[a] counterclaim is a cause of action . . . on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action" [internal quotation marks omitted]), cert. denied, 314 Conn. 933, 102 A.3d 84 (2014); *Valentine* v. *LaBow*, supra, 447 n.10 ("a special defense is not an independent action"). Rather, a special defense is a purely defensive pleading that does not seek any affirmative relief. See *Bank of America, N.A.* v. *Aubut*, 167 Conn. App. 347, 374, 143 A.3d 638 (2016) ("a special defense operates as a shield, to defeat a cause of action, and not as a sword, to seek a judicial remedy for a wrong"). Thus, in determining whether a defendant's answer asserts a counterclaim as opposed to a special defense, the court must determine whether the defendant could have maintained the claim as an independent cause of action. Broadly defined, "[a] cause of action, brought by means of a complaint or a counterclaim, is a means of seeking *redress* for having suffered harm. See, e.g., Black's Law Dictionary (6th Ed. 1990) (defining 'cause of action' in part as '[t]he fact or facts which give a person a right to judicial redress or relief against another. . . . A situation or state of facts which would entitle [a] party to sustain [an] action and give him [the] right to seek a judicial remedy in his behalf.')." (Emphasis added.) *Bank of America, N.A.* v. *Aubut*, supra, 372. Consequently, this court has previously considered the existence of a prayer for relief in the defendant's answer to be "of critical importance in construing [the] answer as a counterclaim . . . ." *98 Lords Highway, LLC* v. *One Hundred Lords Highway, LLC*, 138 Conn. App. 776, 802, 54 A.3d 232 (2012).

In the present case, the court, in deciding whether the allegation in the defendant's third special defense constituted a counterclaim, made no determination as to whether it asserted an independent cause of action. Relying on *225 Associates* v. *Connecticut Housing Finance Authority*, supra, 65 Conn. App. 121, the court instead focused its analysis on the question of whether the defendant's allegation arose out of the same transaction as that described in the plaintiff's complaint. In that case, this court stated that "[i]f the [defendant's] claim arises out of the same transaction described in the complaint, it is characterized as a counterclaim."

Id., 121. This statement, however, was made in the context of explaining the distinction between a counterclaim and a *setoff*. Id. A claim of setoff is similar to a counterclaim in that it "involve[s] the existence, in favor of the defendant, of an *independent cause of action* which he might pursue in a separate action."[13] (Emphasis added.) *Boothe* v. *Armstrong*, supra, 76 Conn. 531–32. The two types of claims differ only in that "[a] counterclaim arises out of the same transaction described in the complaint"; *Savings Bank of New London* v. *Santaniello*, 130 Conn. 206, 210, 33 A.2d 126 (1943); whereas "[a] set-off is independent thereof." Id. Thus, this court observed in *225 Associates* that, "[t]raditionally, the distinction between a setoff and a counterclaim centers around whether the claim arises from the same transaction described in the complaint." (Internal quotation marks omitted.) *225 Associates* v. *Connecticut Housing Finance Authority*, supra, 221. In contrast, the issue in the present case requires us to distinguish between a counterclaim and a special defense. Consequently, the court's reliance on the standard enunciated in *225 Associates* was misplaced. Evaluating the defendant's answer against the correct standard, it is clear that the allegation in the defendant's third special defense cannot properly be construed as a counterclaim.

The defendant's third special defense consisted of a single allegation: "The plaintiff did not properly account for payments made by the defendant." Nothing in this allegation can reasonably be interpreted as a claim of entitlement to affirmative relief. She neither explicitly requested any judicial redress or relief nor alleged any facts from which it could be inferred that she was entitled to such relief. Although pleadings must be construed "broadly and realistically, rather than narrowly and technically"; (internal quotation marks omitted) *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 536, 51 A.3d 367 (2012); this does not mean that we may read into the defendant's answer a prayer for relief or factual allegations that simply are not there. See *Pane* v. *Danbury*, 267 Conn. 669, 677, 841 A.2d 684 (2004) (rule that courts should read pleadings broadly and realistically "does not mean . . . that the trial court is obligated to read into pleadings factual allegations that simply are not there or to substitute a cognizable legal theory that the facts, as pleaded, might conceivably support for the noncognizable theory that was actually pleaded"); see also *Grenier* v. *Commissioner of Transportation*, supra, 536 ("[o]ur reading of pleadings in a manner that advances substantial justice means that a pleading must be construed reasonably, to contain all that it fairly means, but carries with it the related proposition that it must not be contorted in such a way so as to strain the bounds of rational comprehension" [internal quotation marks omitted]). Reading it broadly and realistically, the allegation that

the plaintiff did not properly account for the defendant's payments merely challenges the amount of the debt owed to the plaintiff, which may be raised by way of special defense or by objecting to the plaintiff's attempted introduction of the affidavit of debt in court. *Bank of America, N.A.* v. *Chainani*, 174 Conn. App. 476, 486, 166 A.3d 670 (2017). In the absence of any suggestion that she made payments *in excess* of the amount of the debt, the defendant would not be entitled to any affirmative relief under this allegation. Consequently, the defendant's third special defense cannot reasonably be construed as stating an independent cause of action, and, therefore, the trial court erred in construing it as a counterclaim. Because there was no pending counterclaim as of the date of the withdrawal, the court lacked the authority to restore the case to the docket.

The judgment is reversed and the case is remanded with direction to deny the motion to restore.

In this opinion the other judges concurred.

[1] On October 17, 2013, subsequent to the commencement of the present action, the plaintiff changed its name to Santander Bank. Although the plaintiff's filings subsequent to that date reflected that it now was known as Santander Bank, it did not file a motion to substitute Santander Bank as plaintiff, and, thus, the trial court file continues to identify the plaintiff as Sovereign Bank. Therefore, we likewise identify the plaintiff as Sovereign Bank.

[2] The defendant did not file a brief in this appeal. Accordingly, on January 18, 2018, this court issued an order indicating that the appeal would be considered solely on the basis of the plaintiff's brief and the record as defined by Practice Book § 60-4.

[3] "[F]or final judgment purposes, an order restoring a withdrawn case to the docket is identical in all material respects to an order opening a final judgment . . . ." *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 195, 884 A.2d 981 (2005). "Ordinarily, the granting of a motion to open a prior judgment is not a final judgment, and, therefore, not immediately appealable. . . . Our Supreme Court, however, has carved out an exception to that rule where a colorable claim is made that the trial court lacked the power to open a judgment." (Internal quotation marks omitted.) *Simmons* v. *Weiss*, 176 Conn. App. 94, 98, 168 A.3d 617 (2017). Thus, "an order restoring a case to the docket . . . [is likewise] immediately appealable when that order is challenged on the basis of the court's authority to restore the case to the docket . . . ." (Emphasis omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, supra, 197. In the present case, the plaintiff's principal claim, which is dispositive of its appeal, concerns the authority of the trial court to restore the defendant's special defense to the docket. Accordingly, this court has subject matter jurisdiction to decide the plaintiff's appeal. See General Statutes § 52-263.

[4] The plaintiff also claims on appeal that: (1) the trial court erred in determining that the defendant had a vested right that was prejudiced by the withdrawal of the plaintiff's action and, therefore, abused its discretion in restoring the case to the docket; and (2) no practical relief can be afforded to the defendant by upholding the trial court's decision to restore the case for adjudication of her special defense because the defendant waived her right to assert it by failing to do so in the federal foreclosure action subsequently brought by the plaintiff. Because the issue of the court's authority to restore the defendant's special defense to the docket is dispositive, we do not address the plaintiff's other claims.

[5] General Statutes § 52-80 provides in relevant part: "The plaintiff may withdraw any action . . . returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of

court for cause shown."

[6] On September 26, 2016, the plaintiff filed a motion requesting that this court take judicial notice and supplement the record. On December 6, 2017, we granted the motion for the purpose of taking judicial notice of the file and decisions rendered in the plaintiff's federal foreclosure action against the defendant in *Santander Bank*, *N.A.* v. *Harrison*, United States District Court, Docket No. 3:15CV01730 (AVC) (D. Conn.).

[7] Although the defendant had filed a four count counterclaim prior to the withdrawal of the plaintiff's action, the trial court ruled during an October 21, 2015 trial management conference that the counterclaim was ineffective and "not part of this case" because the defendant had not filed it in conjunction with a request for leave to amend her answer. The defendant failed to file such a request in the intervening month before the plaintiff withdrew its action.

[8] Because the defendant previously had filed a motion to restore on January 14, 2016, she titled her January 28, 2016 filing as a "revised" motion to restore. Because only the revised motion is relevant to this appeal, for the sake of simplicity, we refer to it as the defendant's motion to restore.

[9] Although the defendant suggested that the trial court could construe *all* of her special defenses as counterclaims, her specific argument focused solely on the third special defense.

[10] Practice Book § 10-55 provides: "The withdrawal of an action after a counterclaim, whether for legal or equitable relief, has been filed therein shall not impair the right of the defendant to prosecute such counterclaim as fully as if said action had not been withdrawn, provided that the defendant shall, if required by the judicial authority, give bond to pay costs as in civil actions."

[11] In accordance with Practice Book § 64-1 (a), the trial court created a memorandum of decision for use in this appeal by signing a transcript of the portion of the proceedings in which it stated its oral decision and filing it with the clerk of the trial court.

[12] After the plaintiff filed this appeal, it filed a motion for articulation requesting, inter alia, that the trial court clarify the basis for its determination that the third special defense constituted a counterclaim and that it articulate "the basis for its determination that the court had jurisdiction to review the [d]efendant's special defenses when the matter had been withdrawn as of right under . . . § 52-80 and a counterclaim had not been alleged in the [d]efendant's operable [a]nswer prior to the withdrawal."

[13] More specifically, "[a] set-off is made where the defendant has a debt against the plaintiff . . . and desires to avail himself of that debt, in the existing suit, either to reduce the plaintiff's recovery, or to defeat it altogether, and, as the case may be, to recover a judgment in his own favor for a balance." (Internal quotation marks omitted.) *Mariculture Products Ltd.* v. *Certain Underwriters at Lloyd's of London*, 84 Conn. App. 688, 703, 854 A.2d 1100, cert. denied, 272 Conn. 905, 863 A.2d 698 (2004).