******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# FEDERAL NATIONAL MORTGAGE ASSOCIATION *v.*
# PAUL BUHL ET AL.
## (AC 40627)

Elgo, Bright and Sullivan, Js.

*Syllabus*

The plaintiff mortgage company sought, by way of summary process, to gain possession of certain premises occupied by the defendants, P and L. The plaintiff had acquired title to the subject property in connection with a foreclosure action commenced by L Co. against the defendants. In paragraph 2 of its summary process complaint, the plaintiff alleged, inter alia, that L Co. had transferred the property to it by a quitclaim deed that was recorded on the East Haddam land records. The defendants denied the material allegations of the complaint and filed a special defense alleging that the deed was invalid because its acknowledgement was undated. Following a three day trial, the trial court defaulted L for failure to appear and rendered judgment of possession in favor of the plaintiff with respect to both defendants. On appeal, the defendants challenged, inter alia, the trial court's interpretation and application of the statute (§ 47-36aa), commonly known as the validating act, which validates certain instruments, including deeds, that contain defective acknowledgements unless an action challenging the validity of the instrument is commenced and a notice of lis pendens is recorded in the land records of the town where the instrument is recorded within two years after the instrument is recorded, as well as those that contain insubstantial defects but are otherwise valid. *Held*:

1. The defendants could not prevail on their claim that the trial court erred in determining that they did not commence an action pursuant to § 47-36aa, which was based on their claim that, by denying the allegation in paragraph 2 of the complaint and asserting their special defense, they commenced an action under the statute; although § 47-36aa is silent as to what constitutes the commencement of an action, the defendants did not engage in the legal process articulated in the statute (§ 52-45a) that governs the commencement of civil actions and, thus, did not commence a civil action pursuant to that provision, and the defendants' contention that their special defense was analogous to a counterclaim and, therefore, commenced an independent action was unavailing, as they failed to claim any entitlement to a judicial remedy or relief in their special defense.

2. The trial court properly determined that the absence of an acknowledgment date and an execution date did not render the deed invalid pursuant to § 47-36aa; because the defendants did not commence an action challenging the validity of the deed, any defect caused by the lack of an acknowledgement date was cured under the statute, and § 47-36aa clearly provides that notarial defects, such as the absence of an execution date, are insubstantial and will not invalidate a deed.

3. The defendants could not prevail on their unpreserved claim that the trial court abused its discretion by allowing the plaintiff's counsel to give certain unsworn testimony regarding the execution of the deed, the defendants having failed to prove that they were prejudiced by counsel's statements: the defendants failed to demonstrate that the trial court relied on the subject statements, as the court did not mention any of the statements made by the plaintiff's counsel with regard to the execution of the deed in rendering its decision, and it had no reason to rely on the statements because the deed was before the court as a full exhibit; moreover, counsel's statements as to the date of execution were not prejudicial because Connecticut is a recording state, and, therefore, the defendants' claim hinged on the date the deed was recorded, not the date it was executed.

4. The trial court did not abuse its discretion in rendering a default judgment against L for failure to appear at trial; it was uncontested that L failed to appear for all three days of the trial, and the defendants failed to present evidence that there was a proper excuse for her nonappearance.

Argued September 24—officially released December 25, 2018

*Procedural History*

Summary process action brought to the Superior Court in the judicial district of Middlesex and tried to the court, *Vitale, J.*; thereafter, the defendant Luce Buhl was defaulted for failure to appear; judgment for the plaintiff, from which the defendants appealed to this court. *Affirmed.*

*Paul D. Buhl*, self-represented, with whom, on the brief, was *Luce L. Buhl*, self-represented, the appellants (defendants).

*Peter A. Ventre*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The present appeal in this summary process action stems from the foreclosure of real property located at 12 Casner Road in East Haddam. The self-represented defendants, Paul Buhl and Luce Buhl,[1] appeal from the judgment of possession rendered in favor of the plaintiff, Federal National Mortgage Association. On appeal, the defendants claim that the trial court (1) improperly determined that they did not commence an action pursuant to General Statutes § 47-36aa (a), (2) improperly determined that the deed to the subject property was valid despite notarial defects, (3) abused its discretion by allowing the plaintiff's counsel to give unsworn testimony, and (4) abused its discretion by rendering a default judgment against Luce Buhl for failure to appear at trial. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In 2016, the plaintiff acquired title to the property through a strict foreclosure action, while the defendants were living on the premises. On March 29, 2017, the plaintiff commenced this summary process action against the defendants. Paragraph 2 of the plaintiff's complaint alleged that "Liberty Bank[2] quitclaimed the property to [the plaintiff] and said deed was recorded September 28, 2016, on the East Haddam land records in volume 1012, pages 207–208." (Footnote added.)

On May 12, 2017, the defendants denied the material allegations of the complaint, including paragraph 2. The defendants also asserted a special defense that they had commenced an action against the plaintiff in federal District Court concerning the ownership of the property and that the federal action needed to be resolved before the underlying summary process action could proceed.[3]

The summary process action was tried to the court on June 5 and 26, and July 3, 2017. On June 26, 2017, the defendants filed a second special defense alleging that the deed to the property was invalid because its acknowledgment was undated. On July 3, 2017, the court rendered judgment against Paul Buhl on the merits and rendered a default judgment against Luce Buhl for failure to appear at trial. This appeal followed. Additional facts and procedural history will be set forth as necessary.

The defendants' first two claims are based on their argument that the trial court misinterpreted and misapplied § 47-36aa. We begin with the standard of review for these claims. "When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such

text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . . The issue of statutory interpretation . . . is a question of law subject to plenary review." (Citation omitted; internal quotation marks omitted.) *Commissioner of Emergency Services & Public Protection* v. *Freedom of Information Commission*, 330 Conn. 372, 380, 194 A.3d 759 (2018).

Section 47-36aa, which is commonly known as the validating act, provides in relevant part: "(a) Conveyancing defects. Any deed, mortgage, lease, power of attorney, release, assignment or other instrument made for the purpose of conveying, leasing, mortgaging or affecting any interest in real property in this state recorded after January 1, 1997, which instrument contains any one or more of the following defects or omissions is as valid as if it had been executed without the defect or omission unless an action challenging the validity of that instrument is commenced and a notice of lis pendens is recorded in the land records of the town or towns where the instrument is recorded within two years after the instrument is recorded: (1) The instrument contains a defective acknowledgment or no acknowledgment . . . . (b) Insubstantial defects. Any deed, mortgage, lease, power of attorney, release, assignment or other instrument made for the purpose of conveying, leasing, mortgaging or affecting any interest in real property in this state recorded after January 1, 1997, which instrument contains any one or more of the following defects or omissions is as valid as if it had been executed without the defect or omission: (1) The instrument contains an incorrect statement of the date of execution or omits the date of execution . . . ."

I

The defendants first claim that the trial court erred in determining that they did not commence an action pursuant to § 47-36aa (a). Specifically, they argue that they commenced an action under § 47-36aa (a) by denying an allegation in the summary process complaint and asserting a special defense. We disagree.

Although § 47-36aa (a) is silent as to what constitutes commencement of an action, General Statutes § 52-45a provides that civil actions are commenced "by legal process consisting of a writ of summons or attachment,

describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator." The defendants did not engage in the legal process articulated in § 52-45a. They did not, therefore, commence a civil action pursuant to that provision.

The defendants also argue that their second special defense is analogous to a counterclaim and, therefore, commences an independent action. We disagree. "[A] counterclaim is an independent cause of action, and a special defense is not." *Sovereign Bank* v. *Harrison*, 184 Conn. App. 436, 444,    A.3d    (2018). Special defenses "[operate] as a shield, to defeat a cause of action, and not as a sword, to seek judicial remedy for a wrong." (Internal quotation marks omitted.) Id., 444–45, quoting *Bank of America, N.A.* v. *Aubut*, 167 Conn. App. 347, 374, 143 A.3d 638 (2016). This court has held that a defendant's special defense did not commence a foreclosure action because the defendant "neither explicitly requested any judicial redress or relief nor alleged any facts from which it could be inferred that she was entitled to such relief." Id., 446–47. In the present case, the defendants similarly failed to claim any relief in their second special defense, which stated: "The deed by which the plaintiff claims to hold title is invalid because its acknowledgment is defective for failure to state a date as required by [General Statutes] § 1-34, and the defendants have caused a lis pendens concerning that issue to be recorded on the East Haddam land records, a certified copy of which is attached hereto, less than two years after the recordation of the deed." The trial court, therefore, properly determined that the defendants failed to commence an action as required by § 47-36aa (a).

II

The defendants' second claim is that the trial court erred in determining that the deed was valid pursuant to § 47-36aa. Specifically, they argue that the deed is void because neither the acknowledgment of the deed nor the deed itself are dated, and that, as a result, the plaintiff does not own the property. We disagree.

As a preliminary matter, because we conclude that the defendants did not commence an action under § 47-36aa (a), any defect caused by the lack of an acknowledgement date has been cured. See, e.g., *Chase Home Finance, LLC* v. *Morneau*, 156 Conn. App. 101, 107 n.7, 113 A.3d 445 (2015) ("§ 47–36aa (a) . . . validates defective conveyances if not challenged within two years"). We, therefore, need not address the merits of the defendants' argument that the deed was void because of a defective acknowledgment.

We next turn to the defendants' argument that the absence of an execution date rendered the deed invalid.

It is uncontested that the deed from Liberty Bank to the plaintiff is undated. Section 47-36aa (b) (1), however, clearly states that such notarial defects are insubstantial and that they will not invalidate a deed. See *ARS Investors II 2012-1 HBV, LLC* v. *Crystal, LLC*, 324 Conn. 680, 687–88, 154 A.3d 518 (2017) (holding that, in mortgage foreclosure action, insubstantial defect listed in § 47-36aa (b) did not invalidate deed). We conclude, therefore, that the trial court properly determined that the absence of an execution date, like the absence of an acknowledgment date, does not render the deed invalid.

### III

The defendants' third claim is that the trial court abused its discretion by allowing the plaintiff's counsel to give unsworn testimony regarding the deed. The plaintiff argues that the trial court did not abuse its discretion because it did not rely on counsel's comments. We agree with the plaintiff.

The following additional facts are relevant to the resolution of this claim. On July 3, 2017, the parties appeared before the court to present final arguments, the presentation of evidence having concluded on June 26, 2017. In particular, Paul Buhl argued that the court should dismiss the complaint because of the alleged defect in the acknowledgment. During the plaintiff's argument, the following exchange occurred:

"[The Plaintiff's Counsel]: And additionally, Your Honor, with regard to that quitclaim deed, my office prepared it. My office prepared that deed, sent it over to Liberty Bank on July 19, 2016, and we received the executed deed back from them on July 25, 2016. So even though there's no date on it, our records, in our office, indicate that the deed was executed within that five or six day window and was executed—

"[Paul Buhl]: Objection. Counsel's testifying—

"The Court: Mr. Buhl, please, let him finish. I'll give you an opportunity to say whatever you want to say.

"[Paul Buhl]: All right. I apologize, Your Honor. I want to raise an objection.

"[The Plaintiff's Counsel]: And additionally, Your Honor, as we stated when we were here the last time, Connecticut is a recording state. The deed does not take effect until it is recorded. That deed might have been prepared in April or May. Prior to the conclusion of the litigation, we know, from dealing with these, that in many cases the deed, the property is being deeded from one bank to either . . . the present plaintiff here or Federal Home Loan Mortgage [Corporation] . . . and we prepare the majority of those deeds. When they're prepared and executed it doesn't matter until it hits the land records. And we know that by the time it hit the land records it is properly witnessed and it does bear an acknowledgment. . . .

"The Court: Okay, Mr. Buhl I know you are anxious to respond.

"[Paul Buhl]: Just three really quick things, Your Honor. I did not intend to interrupt. I intended to object because counsel is, in effect, giving testimony, including hearsay testimony as to records that are back at the office in Hartford. And I don't think that's, you know, bring an affidavit, bring the records, something. Bring a witness."

Without waiting for a ruling on his objection, Paul Buhl proceeded to address the merits of the plaintiff's argument. Thereafter, the court addressed the merits of the defendants' claim regarding the allegedly defective acknowledgment without making any reference to the statements made by the plaintiff's counsel regarding how and when the deed was prepared.

"Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so." C. Tait & E. Prescott, Connecticut Evidence (5th Ed. 2014) § 6.2.1, p. 331. Unsworn "representations of counsel are not, legally speaking, evidence" upon which courts can rely. (Internal quotation marks omitted.) *Constantine* v. *Schneider*, 49 Conn. App. 378, 395, 715 A.2d 772 (1998); see also *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 154, 496 A.2d 476 (1985) ("[w]e note that, had the trial court relied entirely upon unsworn statements of the plaintiffs' counsel at [the] proceeding, the due process rights guaranteed the defendants . . . may well have been violated").

Because the defendants never requested a ruling by the court, the issue was not preserved. See, e.g., *McCarthy* v. *Chromium Process Co.*, 127 Conn. App. 324, 335, 13 A.3d 715 (2011) (declining to review claim where appellant failed to "move for an articulation . . . or to ask the trial judge to rule on an overlooked matter" [internal quotation marks omitted]). Even if we consider this claim to be properly preserved, it fails because the defendants did not prove that they were prejudiced by the statements made by the plaintiff's counsel during closing argument. Although the trial court did not rule on the defendants' objection to the statements, the defendants have failed to demonstrate that the trial court relied on the statements. In its decision, the trial court did not mention any of the statements made by the plaintiff's counsel with regard to the execution of the deed. Indeed, the court had no reason to rely on these statements because the deed was before the court as a full exhibit. Moreover, the statements by the plaintiff's counsel as to the date of execution were not prejudicial because Connecticut is a recording state, meaning that the defendants' claim hinges on the date the deed

was recorded, not the date it was executed. See General Statutes § 47-10 ("[n]o conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies"). Accordingly, we conclude that the defendants' claim is without merit.

## IV

Finally, the defendants claim that the trial court erred in rendering a default judgment against Luce Buhl for failure to appear at trial. Specifically, they argue that Luce Buhl had a proper excuse for not attending—there were no facts to be tried or testimony to be offered, and Luce Buhl's position in the case was identical to that of Paul Buhl, who was present. The plaintiff argues that this claim is not reviewable because Luce Buhl did not raise it at trial, and, alternatively, that the entry of a default against Luce Buhl was not an abuse of discretion. We agree with the plaintiff that the court did not abuse its discretion in rendering a default judgment against Luce Buhl.

The following additional facts are relevant to the resolution of this claim. Luce Buhl received notice that the case would be tried on June 5 and 26, and July 3, 2017. Despite having received notice, Luce Buhl failed to appear for trial, and on July 3, 2017, the trial court entered a default against her for failure to appear. The court stated the following in support of its ruling: "[Luce] Buhl is not here . . . . She didn't appear June 5, didn't appear [July 3] and didn't appear . . . June 26."

At the outset, we must address the plaintiff's argument that this claim was not preserved. Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. . . ." If an appellant fails to provide an adequate record, this court may decline to review the appellant's claim. Although Luce Buhl did not raise this claim at trial, we determine that it is reviewable because the record is adequate. There is a clear record of the court's decision to enter a default against Luce Buhl. The claim also is reviewable pursuant to Practice Book § 60-5 because the court defaulted Luce Buhl subsequent to trial. Moreover, the defendants are self-represented, and "[i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . ." (Internal quotation marks omitted.) *Darin* v. *Cais*, 161 Conn. App. 475, 481, 129 A.3d 716 (2015).

The defendants' claim, however, ultimately fails because it was soundly within the court's discretion to render a default judgment against Luce Buhl. "It is well established that "[e]ntry of a . . . default for failure to

appear for trial is a matter left to the sound discretion of the trial court. . . . Practice Book § 17-19 provides in relevant part: If a party . . . fails without proper excuse to appear in person or by counsel for trial, the party may be nonsuited or defaulted by the judicial authority." (Internal quotation marks omitted.) *Housing Authority* v. *Weitz*, 163 Conn. App. 778, 782, 134 A.2d 749 (2016). It is uncontested that Luce Buhl failed to appear for all three days of trial. Additionally, the defendants failed to present evidence that there was a proper excuse for Luce Buhl's nonappearance.[4] We conclude, therefore, that the trial court did not abuse its discretion in rendering a default judgment against Luce Buhl.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We refer in this opinion to Paul Buhl and Luce Buhl, collectively, as the defendants, and individually by name where appropriate.

[2] Liberty Bank was the plaintiff's predecessor in interest. Liberty Bank commenced a foreclosure action against the defendants in 2011. See *Liberty Bank* v. *Buhl*, Superior Court, judicial district of Middlesex, Docket No. CV11-6006186-S (November 18, 2016).

[3] The action referenced in the defendants' first special defense was dismissed by the District Court for lack of subject matter jurisdiction; *Buhl* v. *Grady*, United States District Court, Docket No. 3:16CV1808 (VLB) (D. Conn. November 8, 2016); and, subsequently, by the United States Court of Appeals for the Second Circuit as frivolous. *Buhl* v. *Grady*, United States Court of Appeals, Docket No. 16-4111 (2d Cir. March 23, 2017). On October 2, 2017, the United States Supreme Court denied the defendants' petition for a writ of certiorari. *Buhl* v. *Grady*, U.S. , 138 S. Ct. 200, 199 L. Ed. 2d 117 (2017).

[4] The defendants argue that the fact that Luce Buhl's position was identical to Paul Buhl's position is a proper excuse for her nonappearance. They fail, however, to point to any authority supporting this assertion. Furthermore, given that the defendants admit that their positions were identical and that we have concluded that the issues raised by Paul Buhl are without merit, Luce Buhl was not impacted by the rendering of the default judgment.