******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## COLCHESTER ESTATE VENTURES, LLC *v.*
## PETER MADDEN
### (AC 46972)

Bright, C. J., and Clark and Westbrook, Js.

*Syllabus*

The defendant tenant appealed from the trial court's denial of his motion to restore to the docket the summary process action filed against him and then subsequently withdrawn by the plaintiff landlord. He claimed that the court abused its discretion in denying his motion because he had acquired a vested right to litigate various allegations of malfeasance by the plaintiff. *Held*:

The trial court did not abuse its discretion in denying the defendant's motion to restore the action to the docket, as the only outstanding filing by the defendant on the docket at the time the plaintiff withdrew the action was the defendant's motion to dismiss and for summary judgment, which was purely defensive in character and which did not request affirmative relief or other redress, and, thus, the court lacked the authority to restore the case to the docket when the defendant, following the plaintiff's withdrawal, sought to revive the case to litigate requests for relief he had not made while the case was pending.

Argued October 17—officially released December 24, 2024

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of New London, Housing Session at Norwich, where the case was withdrawn; thereafter, the court, *Hon. Francis J. Foley III*, judge trial referee, denied the defendant's motion to restore the case to the docket, and the defendant appealed to this court. *Affirmed*.

*Peter Madden*, self-represented, the appellant (defendant).

*Gary J. Greene*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, Peter Madden, appeals from the trial court's denial of his

motion to restore to the docket (motion to restore) the summary process action filed against him by the plaintiff, Colchester Estate Ventures, LLC. On appeal, the defendant claims that the court abused its discretion in denying his motion to restore because he had acquired a vested right to litigate various allegations of malfeasance by the plaintiff. We affirm the judgment of the court.

The following procedural history is relevant to this appeal. On January 20, 2023, the plaintiff served a notice to quit possession on the defendant for nonpayment of rent for his apartment in Colchester. The plaintiff commenced a summary process action against the defendant on February 1, 2023. On February 15, 2023, the defendant filed a combined motion to dismiss and for summary judgment, accompanied by an affidavit, various other exhibits, and a supporting memorandum of law. In support of his motion, the defendant argued that the notice to quit and the complaint were jurisdictionally defective and that the plaintiff's attempt to evict him was retaliatory. He sought judgment in his favor and dismissal of the action.

The plaintiff filed its opposition to the defendant's motion on June 21, 2023. On July 5, 2023, the defendant moved for an extension of time to file his reply to the plaintiff's opposition. The court, *Hon. Francis J. Foley III*, judge trial referee, granted that motion on July 6, 2023, and ordered that "[t]he reply may be filed on the date set for trial." On July 19, 2023, prior to trial and before the defendant had filed his reply, the plaintiff withdrew the summary process action.[1]

---

[1] Although the plaintiff's withdrawal form does not state a reason for the withdrawal, the plaintiff represents in its appellee's brief that it withdrew the summary process action because, "[u]pon review of the file and the pleadings in preparation [for] trial," it concluded that "certain deficiencies did in fact exist."

On July 28, 2023, the defendant filed a motion to "open" the withdrawal (motion to open), accompanied by a supporting memorandum and exhibits, in which he alleged that the plaintiff, its managing agent, and its attorneys had perpetrated a "fraud on the court" in the defendant's case and other cases by, inter alia, filing perjured affidavits, fraudulent motions, and bad faith complaints. The exhibits submitted in support of the motion to open included motions and submissions that the defendant had not filed with the trial court prior to the plaintiff's withdrawal, including the defendant's reply to the plaintiff's opposition to his motion to dismiss; a motion "to change the order of the trial, for a stay of plaintiff's affirmative case, and separate trials"; and a motion to "dismiss, for summary judgment, contempt and sanctions" that sought various sanctions against the plaintiff. In his motion to open, the defendant averred that he had intended to serve and file these various papers on the trial date of the summary process action, but that he had been "preempted by the plaintiff's withdrawal."

The court denied the defendant's motion to open on August 15, 2023, on the ground that a motion to open was not the proper procedural vehicle to restore a case to the docket. Thereafter, on September 11, 2023, the defendant filed the motion to restore, which incorporated by reference the motion to open and its supporting exhibits. The court denied this motion on September 14, 2023, stating in relevant part: "At no time [prior to trial] did the defendant file any pleadings seeking affirmative relief. He now seeks to have this case restored to the docket to seek orders and relief that were never sought while the case was pending. The motion to restore is denied." This appeal followed.[2]

_____

[2] While this appeal was pending, the plaintiff filed a new summary process action against the defendant for nonpayment of rent. See *Colchester Estate Ventures, LLC* v. *Madden*, Superior Court, judicial district of New London at Norwich, Docket No. CV-24-6109938-S. In connection with the present appeal, the defendant filed a motion requesting that we take judicial notice

The defendant claims that the court erred in denying his motion to restore because he had a vested right to litigate the allegations of malfeasance made in that motion and the supporting attachments. Relying heavily on this court's decision in *Palumbo* v. *Barbadimos*, 163 Conn. App. 100, 134 A.3d 696 (2016), he argues that the plaintiff's withdrawal was an improper tactical maneuver designed to avoid an unfavorable ruling on his allegations of wrongdoing and request for sanctions, and that the court should have restored the case in order to afford him a speedy resolution of his claims. We disagree.

The following legal principles and standards of review govern our resolution of the defendant's claim. General Statutes § 52-80 provides in relevant part that a plaintiff "may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. . . ." "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by . . . § 52-80, is absolute and unconditional." (Internal quotation marks omitted.) *Travelers Property Casualty Co. of America* v. *Twine*, 120 Conn. App. 823, 826–27, 993 A.2d 470 (2010). "Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket. . . . The court unless [the action] is restored to the docket cannot proceed with it further . . . ." (Internal

of this new action, which we granted on October 15, 2024. On October 31, 2024, following oral argument before this court in the present case, the trial court dismissed the new summary process action, finding that the plaintiff had submitted "knowingly false or intentionally misleading" affidavits pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), and that the plaintiff had failed to provide the defendant with thirty days' notice to vacate, as required under the CARES Act.

quotation marks omitted.) *Doe* v. *Bemer*, 215 Conn. App. 504, 513–14, 283 A.3d 1074 (2022).

A plaintiff's broad authority pursuant to § 52-80 to unilaterally withdraw an action, however, "does not automatically extend to the plaintiff the additional right to commence an essentially identical action following that withdrawal if the primary purpose for doing so is to undermine an order of the court rendered in the prior litigation or if the withdrawal and subsequent refiling implicates a substantial right that vested in another party to the litigation and that likely will be jeopardized should the plaintiff proceed with the new action. . . . In either instance, if seasonably requested by the defendant or other third party, the court should exercise its discretion to restore the original action to the docket." (Citation omitted; footnote omitted.) *Palumbo* v. *Barbadimos*, supra, 163 Conn. App. 115–16. "[A] 'vested right' in this context simply refers to a right acquired and presently held by a party to the withdrawn action that would be injuriously affected as a result of the withdrawal." Id., 113 n.13.

Practice Book § 10-55 provides in relevant part that the plaintiff's withdrawal of an action after the defendant has filed a counterclaim "shall not impair the right of the defendant to prosecute such counterclaim as fully as if said action had not been withdrawn . . . ." Therefore, when a defendant has a pending counterclaim at the time of the plaintiff's withdrawal, that counterclaim survives the withdrawal as a matter of law, and if that counterclaim is wrongly stricken from the docket along with the plaintiff's action, the court has the authority to restore the case to the docket to permit the defendant to prosecute that counterclaim. See *Sovereign Bank* v. *Harrison*, 184 Conn. App. 436, 443, 194 A.3d 1284 (2018). A counterclaim "is a cause of action . . . on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate

action." (Internal quotation marks omitted.) *Historic District Commission* v. *Sciame*, 152 Conn. App. 161, 176, 99 A.3d 207, cert. denied, 314 Conn. 933, 102 A.3d 84 (2014).

In *Sovereign Bank* v. *Harrison*, supra, 184 Conn. App. 444–47, however, this court clarified that when a defendant's pleading filed prior to the plaintiff's withdrawal seeks *no* affirmative relief or redress, but simply asserts a special defense, that pleading does not survive the withdrawal. In such a circumstance, the court lacks the authority to restore a case to the docket to permit the defendant to seek relief that he was not seeking at the time of the withdrawal. See id., 443 ("it would be anomalous to conclude that the court has the authority to restore a counterclaim to the docket where the defendant had not effectively pleaded a counterclaim").

"This court has stated previously that [t]he question of whether a case should be restored to the docket is one of judicial discretion . . . therefore, we review a court's denial of a motion to restore a case to the docket for abuse of that discretion." (Footnote omitted; internal quotation marks omitted.) *Doe* v. *Bemer*, supra, 215 Conn. App. 512–13. To the extent that the defendant's claim involves a question as to the proper interpretation of pleadings, however, our review is plenary. *Sovereign Bank* v. *Harrison*, supra, 184 Conn. App. 442. Likewise, "[a]ny determination regarding the scope of a court's . . . authority to act presents a question of law over which our review is plenary." *Tarro* v. *Mastriani Realty, LLC*, 142 Conn. App. 419, 431, 69 A.3d 956, cert. denied, 309 Conn. 912, 69 A.3d 308, and cert. denied, 309 Conn. 912, 69 A.3d 309 (2013).

We conclude, on the basis of our review of the record in this case, that the court did not abuse its discretion in denying the defendant's motion to restore. At the time the plaintiff withdrew this action, the only outstanding

filing by the defendant on the docket was the defendant's motion to dismiss and for summary judgment, which had not yet been fully briefed. This motion was purely defensive in character. In it, the defendant sought only dismissal of the action and summary judgment in his favor on the grounds that the notice to quit and the complaint were jurisdictionally defective and the proceeding retaliatory.[3] The defendant made no request for affirmative relief or other redress, nor did he allege any facts from which the court reasonably could have inferred that he was entitled to such relief. Given this court's holding in *Harrison*, the court lacked the authority to restore the case to the docket when the defendant, following the plaintiff's withdrawal, sought to revive the case to litigate requests for relief he had not made while the case was pending. Moreover, because the court lacked this authority, we cannot say that the defendant had any "vested right" to prosecute his claims in the context of this case.[4]

The judgment is affirmed.

---

[3] We recognize that, unlike the defendant in *Harrison*—who only asserted a special defense—the defendant in this case both asserted a special defense (retaliatory eviction) *and* challenged the court's subject matter jurisdiction. This distinction, however, does not change our conclusion. This court's holding in *Harrison*—that the court lacks the authority to restore a case to the docket to prosecute a claim for affirmative relief when no such claim is pending as of the plaintiff's withdrawal; see *Sovereign Bank* v. *Harrison*, supra, 184 Conn. App. 447; requires a court to assess whether or not any defense allegations pending at the time of withdrawal represent a claim for affirmative relief or redress. If they do not, then the mere fact that they are made in a different form from the defense at issue in *Harrison* does not save them from being erased from the docket when the plaintiff withdraws the case or mean that the court is authorized to subsequently restore the case to the docket so that the defendant may prosecute new claims for affirmative relief. See id., 446, 447 (explaining that court lacked authority to restore case to docket because "[n]othing in [the defendant's] allegation can reasonably be interpreted as a claim of entitlement to affirmative relief" and "the defendant would not be entitled to any affirmative relief under this allegation").

[4] After he filed his principal appellate brief, the defendant filed several notices of supplemental authority with this court pursuant to Practice Book

§ 67-10. In his notices, he cites several cases from this court and our Supreme Court for the proposition that he has a "vested right" to mandatory attorney's fees under General Statutes § 42-150bb. We disagree. First, the defendant never filed a motion for attorney's fees pursuant to Practice Book § 11-21 and, thus, has not availed himself of the appropriate vehicle for requesting such fees under § 42-150bb. See *Traystman, Coric & Keramidas, P.C.* v. *Daigle*, 282 Conn. 418, 432, 922 A.2d 1056 (2007). Second, and more fundamentally, the defendant has represented himself since the inception of this case and, therefore, is not entitled to attorney's fees. See *Dunn* v. *Peter L. Leepson, P.C.*, 79 Conn. App. 366, 372, 830 A.2d 325, cert. denied, 266 Conn. 923, 835 A.2d 472 (2003).