******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN BERGLASS, TRUSTEE *v.* HEIDI
DWORKIN ET AL.
(AC 48263)

Cradle, C. J., and Seeley and Eveleigh, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment dismissing his action, which sought, inter alia, an injunction preventing the defendants from constructing a fence on certain real property. The plaintiff claimed that the court improperly determined that it lacked subject matter jurisdiction over his complaint. *Held*:

The trial court properly dismissed the plaintiff's action, as the plaintiff's request for injunctive relief was rendered moot by the completed construction of the fence, and the plaintiff failed to allege facts to satisfy the exception to the exhaustion of administrative remedies doctrine.

Argued April 16—officially released June 2, 2026

*Procedural History*

Action seeking, inter alia, an injunction preventing the defendants from constructing a fence on certain real property, and other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Noble, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*.

*Brendon P. Levesque*, with whom were *Michael S. Taylor* and, on the brief, *Corinne A. Burlingham* and *Eric P. Anderson*, for the appellant (plaintiff).

*Michael T. Cretella*, for the appellees (defendants).

*Opinion*

PER CURIAM. In this action for injunctive relief to prevent the construction of a fence, the plaintiff, Steven Berglass, trustee of the Steven Berglass Revocable Living Trust, appeals from the judgment of the trial court dismissing his complaint against the defendants, Heidi Dworkin and Jay Dworkin. On appeal, the plaintiff claims that the court improperly determined that it lacked subject matter jurisdiction over his complaint on

the grounds that the completed construction of the fence rendered the matter moot and the plaintiff had failed to exhaust his administrative remedies. We affirm the judgment of the trial court.

The following procedural history is relevant to our disposition of this appeal. The plaintiff commenced the present action in July 2022, seeking injunctive relief to prevent the defendants' construction of a fence on their property, which was adjacent to the plaintiff's property, on Kings Highway in Milford.[1] The plaintiff alleged that the construction of the fence violated the Milford zoning regulations, that the fence was "encroaching and overlapping [his] land," and, "[i]f the construction is not enjoined until it is properly designed and permitted, [he] is likely to suffer immediate and irreparable harm for which there is no adequate remedy at law." He sought "[d]eclaratory and injunctive relief against the defendants from constructing the fence" and "[s]uch other and further relief as law and equity may provide." The plaintiff also filed a motion for a temporary injunction and an order to show cause.

On August 22, 2024, the defendants filed a motion to dismiss the action for lack of subject matter jurisdiction. The defendants' motion was accompanied by a memorandum of law and an affidavit with several exhibits. The defendants contended that the plaintiff's request for injunctive relief was moot because construction of the fence had been completed in June 2022, and the plaintiff failed to exhaust his administrative remedies.

On October 3, 2024, the plaintiff filed an objection to the defendants' motion to dismiss. Although he acknowledged that construction of the fence had been completed,[2] he argued that the action was not moot because the

---

[1] The plaintiff filed a separate but similar action with respect to the defendants' construction of an inground swimming pool. See *Berglass* v. *Dworkin*, 234 Conn. App. 834, 836, 344 A.3d 619 (2025).

[2] The plaintiff disputes that the construction of the fence was completed in June 2022, before he filed his complaint, but acknowledges that the construction of the fence had been completed by the time the defendants filed their motion to dismiss.

relief he requested in his complaint was not limited to an injunction. He claimed that "the appropriate relief granted by [the] court would be specific performance to either remove the fence in violation of zoning requirements or [to] alter the fence so that it is in compliance with said requirements." In addition, he argued that his action fell within an exception to the exhaustion of administrative remedies doctrine for "property owners specifically and materially damaged by the violation of zoning regulations"[3] because the fence encroaches on and overlaps his property, as he alleged in his complaint, and he has suffered from "the inherent harm caused by crowding and aesthetics," including "a diminishment in property value due to the nonconforming fence." (Internal quotation marks omitted.)

The defendants filed a reply to the plaintiff's objection on November 12, 2024, and the court held a hearing on the motion to dismiss on that same date. At the hearing, the plaintiff's counsel acknowledged that the fence was not on the plaintiff's property. In addition, the defendants pointed out that the plaintiff's claim in his objection regarding a diminution of property value and aesthetic harm was not alleged in the complaint. The defendants similarly indicated that the plaintiff's request for specific performance was not alleged in the complaint and that it was inapplicable to this type of action. The plaintiff acknowledged that "it may be . . . argued that [the] prayer for relief [for an injunction] in itself could be moot," but continued to argue that the

_____

[3] "[P]rivate zoning enforcement actions are an exception to the doctrine of administrative exhaustion. This court has observed, 'property owners specifically and materially damaged by the violation of zoning regulations may bring private zoning enforcement actions directly to the Superior Court, without first applying to municipal zoning authorities, as an exception to the exhaustion of administrative remedies doctrine.' *Reichenbach* v. *Kraska Enterprises, LLC*, 105 Conn. App. 461, 468, 938 A.2d 1238 (2008). The reason for this exception to the doctrine of administrative exhaustion, which grants courts subject matter jurisdiction to hear private zoning enforcement claims, is precisely because, where specific and material harm is being perpetrated upon a party, that party should be able to seek equitable relief." *Giglio* v. *Ardohain*, 233 Conn. App. 743, 758 n.14, 341 A.3d 272 (2025).

"claim itself has not become moot, because there still exists harm that is occurring actively since that construction has been finished," and "there should be an order entered, at least, making it so that this fence is in compliance with zoning regulations or possibly removing the fence entirely. . . . [I]t may be up in the air as to what decision is right."

On November 20, 2024, the court issued a memorandum of decision in which it granted the defendants' motion to dismiss. The court noted that the defendants had provided evidence that they obtained various approvals for the construction of their fence, including from the Planning and Zoning Board of the City of Milford. With respect to the defendants' motion, the court first concluded that the plaintiff's request for declaratory and injunctive relief was rendered moot by the completed construction of the fence. The court explained that a more specific request was required in the complaint to put the defendants on notice of the relief the plaintiff had mentioned in opposition to their motion, and he could not rely on his broad claim for "[s]uch other and further relief as law and equity may provide."

In addition, the court concluded that the plaintiff failed to allege facts to satisfy the exception to the exhaustion of administrative remedies doctrine. The court explained in relevant part: "[T]he plaintiff has baldly alleged only that, '[i]f the construction is not enjoined until it is properly designed and permitted, the plaintiff is likely to suffer immediate and irreparable harm for which there is no adequate remedy at law.' The complaint is devoid of any assertion of specific and material damage as a result of the defendants' activities."[4] Accordingly,

[4]Our Supreme Court has explained: "We cannot state too strongly . . . *the necessity for clear and precise allegations of specific and material claims of damage* in order to establish the threshold requirement for this exception to the exhaustion doctrine." (Emphasis added.) *Cummings* v. *Tripp*, 204 Conn. 67, 76, 527 A.2d 230 (1987). As set forth previously in this opinion, although the plaintiff alleged that the fence was "encroaching and overlapping [his] land," the plaintiff's counsel acknowledged at the hearing on the motion to dismiss that the fence

the court granted the defendants' motion to dismiss on the grounds of mootness and a failure to exhaust administrative remedies. This appeal followed.

On appeal, the plaintiff claims that the court improperly **(1)** concluded that the action was rendered moot by the completed construction of the fence, and **(2)** determined that the plaintiff's complaint did not satisfy the exception to the exhaustion of administrative remedies doctrine. Having reviewed the record and the briefs of the parties, we conclude that the plaintiff's claims are without merit. "Although pleadings must be construed broadly and realistically, rather than narrowly and technically . . . this does not mean that we may read into the [plaintiff's complaint] a prayer for relief or factual allegations that simply are not there." **(**Citation omitted; internal quotation marks omitted.**)** *Sovereign Bank* v. *Harrison*, 184 Conn. App. 436, 446, 194 A.3d 1284 (2018). Accordingly, the court properly dismissed the action.

The judgment is affirmed.

was not on the plaintiff's property. In addition, on appeal, the plaintiff suggests that he "has sufficiently alleged that the construction of the fence will obstruct his view of Long Island Sound." The plaintiff's complaint, however, contains no such allegation, and the plaintiff raised this argument for the first time on appeal, more specifically, in his reply brief to this court.